The Honorable Ron Fuller State Representative #18 Corporate Hill Drive Suite 201 Little Rock, Arkansas 72205
Dear Mr. Fuller:
This is in response to your request for an opinion regarding A.C.A. 5-63-301, et seq. You have asked, specifically, whether companies which provide certain types of mortgage acceleration services would be considered "debt adjusters" under this legislation.
You state that companies providing the services in question would facilitate accelerated payments of clients' mortgages by directing (on behalf of the client and pursuant to his consent and control) biweekly payments from the client's bank account to an escrow or trust account of the company. The company would then pay the client's mortgage services from the escrow or trust account. The biweekly withdrawals would generate sufficient funds to make one extra monthly mortgage payment each year. This procedure would result in accelerated payment of the mortgage.
Section 5-63-302 states: "No person shall engage in, or offer to or attempt to engage in, the business or practice of debt adjusting in this state." The term "debt adjusting" is defined under 5-63-301(3) as follows:
 `Debt adjusting' means the entering into or making of a contract, express or implied, with a particular debtor whereby the debtor agrees to pay a certain amount of money periodically to the person engaged in the debt adjusting business who shall, for a consideration, agree to distribute, or distribute, the money among certain specified creditors in accordance with a plan agreed upon. The term `debt adjusting' also means the business or practice of any person who holds himself out as acting or offering or attempting to act for a consideration as an intermediary between a debtor and his creditors for the purpose of settling, compounding, or in anywise altering the terms of payment of any debt of a debtor and, to that end, receives money or other property from the debtor or on behalf of the debtor for the payment to or distribution among the creditors of the debtor.
The term "debt adjusting" for purposes of the prohibition contained in A.C.A. 5-63-301, et seq. appears to contemplate a "plan" that is agreed upon by the creditor(s) and/or actions of an intermediary ". . . for the purpose of settling, compounding, or in anywise altering" a debtor's payment terms.
These elements do not appear to be reflected in the mortgage accelerated services as outlined in your correspondence. You state, specifically, that the services would only be provided to clients if the terms of their mortgage notes already permit acceleration of payments. Thus, there would be no "altering" of the payment terms, as is envisioned under A.C.A. 5-63-301(3). The facts presented in your correspondence also fail to reflect any basis upon which it could be contended that these services involve an agreed upon "plan."
It may therefore reasonably be concluded that mortgage acceleration services, to the extent they reflect the terms and qualifies set forth in your correspondence, do not constitute "debt adjusting" within the meaning of A.C.A. 5-63-301, et seq.
This conclusion is compelled by the language of 5-63-301, et seq, as applied to the particular facts in question, in the absence of interpretive case law. It is also significant to note that this legislation involving "debt adjusting" is penal in nature, and will therefore be strictly construed in favor of the defendant.[1]
see, generally, Bennett v. State, 252 Ark. 128, 477 S.W.2d 497
(1972).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
Steve Clark Attorney General
[1] Under A.C.A. 5-63-304, persons acting as "debt adjusters" are subject to a fine of $500 to $1,000 or imprisonment not to exceed one (1) year, or both.